

PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEON A. HART,

                Plaintiff,

        -v-

ERIE COUNTY DISTRICT ATTORNEY, et al.,

                Defendants.

_____

           15-CV-6540CJS
           DECISION & ORDER

Plaintiff, Keon A. Hart, filed this action when he was a prisoner confined at the Erie County Correctional Facility. Plaintiff is now housed at Midstate Correctional Facility.[1] He is asserting claims under 42 U.S.C. § 1983. Keon A. Hart is the only litigant who signed the Complaint although other Plaintiffs are listed in the caption and in the body of the Complaint. It is not clear that any individuals other than Plaintiff Keon A. Hart wish to be a Plaintiff in this action.

The filing fee for a civil action is $350.00, plus an administrative fee of $50.00. Whenever a "prisoner," *see* 28 U.S.C. § 1915(h), submits a complaint he must either (1) pay the filing fee and administrative fee or (2) submit a motion to proceed *in forma pauperis* that includes a Prison Certification, pursuant to 28 U.S.C. § 1915(a)(1)-(2), and a Prison Authorization form, pursuant to 28 U.S.C. § 1915(b)(1)-(4).

_____

[1] See the New York State Department of Corrections and Community Supervision inmate locater at: http://nysdoccslookup.doccs.ny.gov/

Plaintiff did not prepay the $350.00 filing fee and the $50.00 administrative fee with his Complaint. Plaintiff submitted an *in forma pauperis* application to the Southern District of New York that was forwarded to this Court and filed by the Clerk's Office as a "Continuation of Exhibits" (ECF No. 3). The application contains a different docket number (41CV1778) than the present action, contains nonsensical information, and is signed by "Keefe Network Sales." The application does not include the required Prison Certification Section. Plaintiff also filed a Prison Authorization Form (ECF No. 2) listing his name as "Keefe Network Sales, LLC," with inconsistent identifying information under his signature, that is dated July 22, 2006.

On April 26, 1996, the United States Congress passed a law entitled the Prison Litigation Reform Act ("PLRA") which amended, among other things, the provisions of the United States Code which relate to the filing of civil actions or appeals *in forma pauperis*, 28 U.S.C. § 1915. The PLRA amended § 1915 in part to require a court to dismiss a case under 28 U.S.C. § 1915(e)(2) "if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). In addition, Congress added a new section to the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

28 U.S.C. § 1915(g). When an inmate has garnered three "strikes," as they have come to be known, a motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury.

Plaintiff has had at least three prior cases dismissed for strike reasons: 08-CV-6206 (W.D.N.Y. Sept. 8, 2008); 08-CV-6185 (W.D.N.Y. Nov. 18, 2008); and 13-CV-1171 (N.D.N.Y. Jan. 6, 2015). Accordingly, pursuant to the mandate of 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* unless Plaintiff has asserted a claim that he is under imminent danger of serious physical injury. Plaintiff has not made such allegations of imminent danger of serious physical injury in his Complaint. He complains of events that took place in October 2007 that appear to be related to his criminal conviction. He states the relief he is seeking in a nonsensical manner as "writ of habeas corpus & review of administrative decisions - United States Mortgage + Trust Co./Judicial Intervention."[2]

Plaintiff cannot meet the requirement of imminent danger of serious physical injury based on his allegations. Therefore, the Complaint must be dismissed unless Plaintiff pays the full filing fee of $ 350.00 and the administrative fee of $50.00, for total fees of $400.00, **within 30 days from the date of this Order**.

## CONCLUSION AND ORDER

Plaintiff may be able to meet the statutory requirements of 28 U.S.C. § 1915(a). However, because Plaintiff has had three or more "strikes" for purposes of 28 U.S.C. § 1915(g) and because Plaintiff has made no allegation here that he is in imminent danger of serious

---

[2] To the extent that plaintiff may be seeking to challenge his criminal conviction, he is advised that he may not do so in a § 1983 action. The proper proceeding is a petition for writ of habeas corpus. It is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

physical injury, he may not proceed *in forma pauperis*. Plaintiff has **30 days from the date of this Order** to pay the filing fee of $350.00 and an administrative fee of $50.00, for total fees of $400.00, or the action will be dismissed pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED

DATED: January 15, 2016
       Rochester, New York

HON/FRANK P. GERACI, JR.
Chief Judge
United States District Court

4